IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40919
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALDO JUAREZ-GRAGEDA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-361-1
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Geraldo Juarez-Grageda appeals his guilty-plea conviction and sentence for being found in the United States following deportation, in violation of 8 U.S.C. § 1326.

Juarez-Grageda contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. Juarez-Grageda acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 120 S. Ct. at 2362; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001). Juarez-Grageda's argument is foreclosed.

Juarez-Grageda also argues that his indictment was defective because it failed to allege general intent. Because Juarez-Grageda did not present this argument to the district court, the indictment is reviewed with "maximum liberality." United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000). Juarez-Grageda's indictment listed every statutorily required element of 8 U.S.C. § 1326, informed him of the charge, and fairly imported that his reentry was a voluntary act in view of the allegation that he had been deported and removed from the United States and was subsequently found in the United States without having obtained the consent of the Attorney General. Juarez-Grageda's indictment was statutorily and constitutionally sufficient. See id. at 239 n.13.

The judgment of the district court is AFFIRMED.